UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| CHECKER TAXI ASSOCIATION, INC. | ) | Case No. 06-12234-SPS |
| | ) | |
| Debtor(s). | ) | Hon. SUSAN PIERSON SONDERBY |

**Trustee's Final Report**

To:   The Honorable SUSAN PIERSON SONDERBY
      United States Bankruptcy Judge

NOW COMES BARRY A. CHATZ, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.   This case was commenced with the filing of an Involuntary Petition on September 27, 2006. BARRY A. CHATZ was appointed interim Trustee on September 29, 2006. An Order for Relief was entered in this case on October 16, 2006 and BARRY A. CHATZ was appointed as interim Chapter 7 Trustee on October 18, 2006. The Trustee's appointment became final on February 6, 2007. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is $1,968,246.88. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.   A summary of the trustee's final account as of April 23, 2009 is as follows:

|   |   |   |
|---|---|---|
| a. | RECEIPTS (See Exhibit C) | $1,623,717.51 |
| b. | DISBURSEMENTS (See Exhibit C) | $1,270,505.75 |
| c. | NET CASH available for distribution | $353,211.76 |
| d. | TRUSTEE/PROFESSIONAL COSTS: | |
|   | 1.   Trustee compensation requested | $71,961.53 |

|   |   |   |   |
|---|---|---|---|
|   |   | (See Exhibit E) |   |
| 2. |   | Trustee Expenses (See Exhibit E) | $322.58 |
| 3. |   | Compensation requested by attorney or other professionals for trustee (See Exhibit F) |   |
|   | (a.) | Cohen & Krol<br>*Attorney for Trustee Fees (Other Firm)* | $57,561.50 |
|   | (b.) | Popowcer Katten, Ltd.<br>*Accountant for Trustee Fees (Other Firm)* | $5,516.00 |
|   | (c.) | Cohen & Krol<br>*Attorney for Trustee Expenses (Other Firm)* | $2,250.19 |
|   | (d.) | Popowcer Katten, Ltd.<br>*Accountant for Trustee Expenses (Other Firm)* | $5.50 |

5. The Bar Date for filing unsecured claims expired on January 31, 2007.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| a. | Allowed unpaid secured claims | $0.00 |
|---|---|---|
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $638,987.51 |
| c. | Allowed Chapter 11 administrative Claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims | $4,158,710.14 |

7. Trustee proposes that unsecured creditors receive a distribution of 5.1800% of allowed claims.

8. The compensation previously awarded to Trustee's counsel, accountants or other professionals, and the compensation requested but not yet allowed is as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| BARRY A. CHATZ<br>*Trustee Compensation* | $0.00 | $71,961.53 | $322.58 |

| | | | |
|---|---|---|---|
| COHEN & KROL<br>*Attorney for Trustee* | $0.00 | $57,561.50 | $2,250.19 |
| NORMAN B. BERGER<br>*Special Counsel* | $19,397.74 | $0.00 | $0.00 |
| SHAW GUSSIS FISHMAN GLANTZ WOLFSON<br>*Special Counsel* | $170,389.51 | $0.00 | $0.00 |
| SHAW GUSSIS FISHMAN GLANTZ WOLFSON**<br>*Special Counsel*<br>**Originally paid by and reimbursed to MB Financial | $289,180.73 | $0.00 | $0.00 |
| POPOWCER KATTEN, LTD.<br>*Accountant for Trustee* | $0.00 | $5,516.00 | $5.50 |
| RALLY CAPITAL SERVICES LLC<br>*Consultant for Trustee* | $22,402.23 | $0.00 | $0.00 |

9. A fee of $0.00 was paid to Debtor's Counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

Respectfully Submitted

DATE: April 24, 2009

*/s/ Barry A. Chatz*
Signature

BARRY A. CHATZ, Trustee
120 S. RIVERSIDE PLAZA
SUITE 1200
CHICAGO, IL 60606-0000